UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LLOYD NEWSOM and <br> MELISSA NEWSOM, <br><br> Plaintiffs, <br><br> v. <br><br> BIG M TRANSPORTATION, INC. <br> et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:13CV58 SNLJ <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motions for summary judgment. The motions have been fully briefed and are ripe for disposition. For the following reasons, the Court will grant defendants' motions for summary judgment.

**I.  Background**

Plaintiffs Lloyd and Melissa Newsom filed their Complaint against Big M Transportation, Inc., Diesel Express, Inc., Snico Cartage, Inc., and Orenthus Benson. In their Complaint, plaintiffs allege "defendant [] Benson acted as the agent, servant and employee of defendants Big M Transportation, Inc. and Diesel Express, Inc. and Snico Cartage, Inc., and each of them, within the scope and course of that agency and employment." Plaintiffs' claims arise out of a motor vehicle incident.

Plaintiffs allege that on August 13, 2011, plaintiff Lloyd Newsom ("Newsom") was operating a motorcycle southbound on Interstate 55, in the far left (passing) lane. As Newsom was passing a tractor-trailer, the tractor-trailer moved into the passing lane,

forcing Newsom off the road and into the median. The motorcycle being operated by Newsom began to slide, struck the ground, and overturned, causing Newsom to be ejected from the seat of the motorcycle and to suffer serious and permanent injuries. Plaintiff Melissa Newsom, as the spouse of Lloyd Newsom, asserts a claim for loss of consortium. Plaintiffs allege that their injuries were caused by the negligence of defendant Benson, acting as the agent, servant and employee of defendants Big M Transportation, Inc., Diesel Express, Inc., and Snico Cartage, Inc., in that Benson failed to keep a careful lookout and changed lanes when it was not safe to do so.

Plaintiffs later dismissed, without prejudice, their claims against defendant Snico Cartage, Inc. The remaining defendants have filed motions for summary judgment. Defendants allege that plaintiffs cannot establish that the driver of the tractor-trailer which caused the accident was Benson, a driver operating a Big M Transportation, Inc. vehicle, or a driver operating a Diesel Express vehicle. Therefore, defendants argue they are entitled to summary judgment on plaintiff Lloyd Newsom's personal injury claim and plaintiff Melissa Newsom's derivative loss of consortium claim.

## II. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden,

the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.,* 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson,* 477 U.S. at 248). "[T]he mere existence of some alleged factual dispute between the parties will not defeat a motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson,* 477 U.S. at 247–48. A party resisting summary judgment has the burden to designate the specific facts that create a triable controversy. *See Crossley v. Georgia–Pacific Corp.,* 355 F.3d 1112, 1114 (8th Cir. 2004).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.,* 210 F.3d 845, 847 (8th Cir. 2000). However, the court is required to resolve all conflicts of

evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chemical Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

The movant's statement of facts are deemed admitted if not specifically controverted by the party opposing the motion. Local Rule 4.01 (E) provides:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. ***All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party***.

(emphasis added). Even where all of movant's statements of fact are deemed admitted, the Court must look at the entire record to determine whether summary judgment is warranted. "Courts should proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." *Lowry v. Powerscreen USB, Inc.*, 72 F.Supp.2d 1061, 1064 (E.D. Mo. 1999) (citing *Canada v. Union Electric Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997).

**III.  Discussion**

At the outset, the Court notes that plaintiffs' complaint alleges that Orenthus Benson, "as the agent, servant and employee of defendants Big M Transportation, Inc. and Diesel Express, Inc. and Snico Cartage, Inc., and each of them, within the scope and course of that agency and employment" caused the accident. Based on the separate motions for summary judgment filed by (1) Benson and Big M Transportation, Inc. and

4

(2) Diesel Express, Inc., and the plaintiffs' responses thereto, it now appears that plaintiffs are no longer making a claim that Benson is an agent, servant, and employee of Big M Transportation, Inc. <u>and</u> Diesel Express, Inc. Instead, there are two drivers from two separate companies, Orenthus Benson for Big M Transportation and Dwayne Bullard for Diesel Express, that plaintiffs point to as potentially responsible for the accident. The Court believes that summary judgment could be proper simply on the basis that Newsom admittedly cannot identify which of two possible drivers for two separate companies could be responsible for his accident. However, the parties did not address this issue.

**A.     Benson and Big M Transportation, Inc.'s Motion for Summary Judgment**

The Court has reviewed the statements, the responses, and the supporting documentation, and, where appropriate, will accept facts as supported by appropriate admissible evidence. In accordance with Local Rule 4.01 (E), all matters set forth in the movants' statement of facts are deemed admitted unless specifically controverted by the opposing party. In response to defendants' statement of facts plaintiffs either "admitted" the facts or responded "[p]laintiffs are without sufficient information to admit or deny this information, and therefore deny the same." Plaintiffs did not dispute the facts with specific references to portions of the record as required by Local Rule 4.01(E). Further, plaintiffs did not comply with the requirements of Federal Rule of Civil Procedure 56(c)(1). Rule 56(c)(1) requires that any party attempting to dispute a statement of fact (1) cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

materials," or (2) show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact ."  Plaintiffs cannot rest upon mere denials in response to a motion for summary judgment without specific references to the record supporting the dispute of the fact.  *Vitela v. IndyMac Mortg. Services*, 4:13CV747 JAR, 2014 WL 2863147, at *3 (E.D. Mo. June 24, 2014); *Buck v. American Family Mut. Ins. Co.*, 4:12CV1879 SNLJ, 2014 WL 272343, at *3 (E.D. Mo. Jan. 24, 2014); *O'Connor v. City of Pine Lawn*, 4:11CV668 SNLJ, 2013 WL 1899431, at *1 (E.D. Mo. May 7, 2013).  "Because plaintiff failed to specifically controvert defendant's statement of facts, those facts are deemed admitted for purposes of summary judgment."  *Buck*, 2014 WL 272343, at *3.  The following facts are undisputed.

On August 13, 2011, plaintiff Lloyd Newsom was operating a motorcycle on southbound Interstate 55.  Around 1:28 p.m., Newsom was 1.2 miles before the intersection of Route EE and Interstate 55.  The intersection of Route EE and Interstate 55 occurs in or near the town of Marston, Missouri.  While Newsom was in the passing lane, a tractor-trailer changed lanes and forced Newsom off of the road.  Newsom eventually went into the median and wrecked.  An ambulance left the accident scene with Newsom at 2:03 p.m. and took him to the hospital.

Newsom testified the tractor on the tractor-trailer that forced him off the road was light blue or "Werner truck blue." Newsom observed a logo with a dog on the back left door of the trailer.  As best he could tell, it looked like a "pit bull."  Newsom could not make out anything in the logo other than the dog.  Through research, Newsom believed it

6

was a Big M Transportation/Diesel Express logo because of the "pit bull" dog and statements from witnesses at the scene of the accident.

All Big M Transportation's tractor-trailers operating under its DOT authority are equipped with electronic logs which include GPS. At 1:16 p.m. on August 13, 2011, Orenthus Benson was approximately 3.03 miles west of Old Appleton, Missouri, and located at latitude 37.5895 and longitude -89.7712. At 1:46 p.m. on August 13, 2011, Benson was just south of Scott City Missouri, and located at latitude 37.1498 and longitude -89.5373. At 2:16 pm on August 13, 2011, Benson was north of New Madrid, Missouri, and located at latitude 36.6581 and longitude -89.5386. Benson was the only driver operating under Big M Transportation's DOT authority that drove through the accident scene on August 13, 2011. Big M Transportation does not own any light blue or blue tractors. All Big M Transportation tractors, in 2011 and today, are either red or white.

The undisputed evidence shows that Benson, operating a tractor-trailer for Big M Transportation, was not at the scene of Newsom's accident when it occurred. Instead, the GPS on the tractor-trailer operated by Benson places him between Old Appleton and Scott City, Missouri – a significant distance north of Marston, Missouri where the accident occurred. Further, the evidence shows that all Big M Transportation tractors are red or white and it did not own any light blue tractors like the one that forced Newsom off the road. Plaintiffs have not offered any evidence that disputes these facts.

Instead, plaintiffs argue that the fact that he was forced off the road by a tractor-trailer with a Big M Transportation/ Diesel Express pit bull logo conflicts with this

7

evidence and creates a fact issue for trial. Newsom's belief that it was a Big M Transportation/Diesel Express logo on the back of the trailer does not create a genuine issue of material fact because it does not provide probative evidence that a Big M Transportation employee or company controlled driver was operating the vehicle. Plaintiffs' vague evidence does not create a dispute as to the very specific, undisputed evidence that establishes the Big M Transportation tractor-trailer operated by Benson was not the tractor-trailer that forced Newsom off the road. The undisputed facts demonstrate that the GPS on the tractor-trailer operated by Benson was a significant distance from the accident scene when it occurred and, therefore, it is not possible for him to have caused the accident or plaintiffs' injuries. Summary judgment on that basis is, therefore, proper. *See Bonilla-Torres v. Wal-Mart Transp. LLC*, 309 Fed.Appx. 882 (5th Cir. 2009) (affirming summary judgment where company's global positioning and message data for its tractors showed that none of defendant's employee-driven tractors were near the location of the accident when it occurred). Further, as the undisputed evidence is that a light blue tractor caused the accident, and all of Big M Transportation's tractors are red or white, it is not possible that a Big M Transportation tractor caused the accident or plaintiffs' injuries.

The only other evidence offered by plaintiffs in their attempt to create a factual dispute for trial is inadmissible hearsay contained in the accident report that may not be relied on to oppose a motion for summary judgment. *Walker v. Wayne County, Iowa*, 805 F.2d 433, 435 (8th Cir. 1988); *Rill v. Trautman*, 950 F.Supp. 268, 269-70 (E.D. Mo. 1996). Additionally, the statements in the accident report were not reported verbatim and

any reported statements were unsworn. Plaintiffs have not set forth affirmative evidence and specific facts showing that there is a genuine dispute of a material fact that creates a triable controversy upon which a reasonable jury could return a verdict for the plaintiffs against these defendants.

**B.     Diesel Express, Inc.'s Motion for Summary Judgment**

The Court has reviewed the statements, the responses, and the supporting documentation, and, where appropriate, will accept facts as supported by appropriate admissible evidence. In accordance with Local Rule 4.01 (E), all matters set forth in the movants' statement of facts are deemed admitted unless specifically controverted by the opposing party. In response to defendants' statement of facts plaintiffs either "admitted" the facts or responded "[p]laintiffs are without sufficient information to admit or deny this information, and therefore deny the same," rendering the facts admitted under Local Rule 4.01(E) and Federal Rule of Civil Procedure 56(c)(1). *Buck*, 2014 WL 272343, at *3. The following facts are undisputed.

Plaintiffs allege that on August 13, 2011, plaintiff Lloyd Newsom was injured when a tractor-trailer forced his motorcycle off of the road and into the median while plaintiff was driving southbound on Highway 55 in New Madrid County, Missouri. The accident occurred on August 13, 2011 at 1:28 p.m. on Highway 55 southbound 1.2 miles north of the Route EE exit for New Madrid, Missouri. Newsom observed a logo with a dog on the back left door of the trailer on the tractor-trailer that forced him off the road. As best he could tell, it looked like a "pit bull." Newsom could not make out anything in the logo other than the dog. Through research, Newsom believed it was a Big M

9

Transportation/Diesel Express logo because of the "pit bull" dog and reports from witnesses at the scene of the accident. Newsom testified that the tractor-trailer that forced him off the road had a white trailer and a light blue or "Werner truck blue" tractor. Kevin James, a friend of Newsom's that was riding with him on the day of the accident, stated that the trailer was light blue.

The Diesel Express driver closest to the scene of the accident that day was Dwayne Bullard. Seven minutes prior to the accident, at 1:21 p.m., Bullard's was 2.13 miles WSW of Pocahontas, Missouri. At 1:21p.m., Bullard was approximately 70 miles north of the Newsom accident site. Bullard remembers going past the accident on August 13, 2011, and seeing a motorcycle in the median of the highway. The tractor-trailer that Bullard drove for Diesel Express, Inc. had a white trailer and maroon tractor. Diesel Express does not own or drive tractor-trailers that have light blue tractors or trailers.

The undisputed evidence shows that the Diesel Express driver, Dwayne Bullard, closest to the scene of Newsom's accident was approximately 70 miles away from where the accident occurred. Further, the evidence shows the tractor-trailer operated by Bullard had a white trailer and maroon tractor, not a white or light blue trailer and light blue tractor like the tractor-trailer that forced Newsom off the road. Plaintiffs have not offered any evidence that disputes these facts.

Instead, plaintiffs again argue that the fact that he was forced off the road by a tractor-trailer with a Big Transportation/ Diesel Express pit bull logo conflicts with the defendant's evidence and creates a fact issue for trial. Again, Newsom's belief that it was a Big M Transportation/Diesel Express logo on the back of the trailer does not create

a genuine issue of material fact because it does not provide probative evidence that a Diesel Express employee or company controlled driver was operating the vehicle. Plaintiffs' vague evidence does not create a dispute as to the very specific, undisputed evidence that establishes the Diesel Express tractor-trailer operated by Bullard was not the tractor-trailer that forced Newsom off the road. The undisputed facts demonstrate Bullard was approximately 70 miles from the accident scene when it occurred and, therefore, it is not possible for him to have caused the accident or plaintiffs' injuries. Further, as the undisputed evidence is that a light blue tractor caused the accident, it is not possible that the maroon tractor operated by Bullard caused the accident or plaintiffs' injuries. Plaintiffs have not set forth affirmative evidence and specific facts showing that there is a genuine dispute of a material fact that creates a triable controversy upon which a reasonable jury could return a verdict for the plaintiffs against this defendant.

## IV. Conclusion

Defendants have established that they are entitled to judgment as a matter of law. Therefore, the motions for summary judgment will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Orenthus Benson and Big M Transportation, Inc.'s motion for summary judgment (ECF #51) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Diesel Express, Inc.'s motion for summary judgment (ECF #53) is **GRANTED**.

**IT IS FINALLY ORDERED** that judgment is entered in favor of defendants. A separate Judgment will accompany this Memorandum and Order.

Dated this 6th day of October, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE